**O**<br>**LINK TO DOC 36**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1278 PSG (RCx) | Date | May 13, 2009 |
|---|---|---|---|
| Title | Randall Pittman v. Yoh Services, LLC, et al. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

Not Present      Not Present

**Proceedings:**    **(In Chambers) Order Denying Plaintiff's Motion to Set Aside Judgment**

Before the Court is Plaintiff's motion to set aside the judgment. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court hereby DENIES the motion.

I.      Background

Randall Pittman ("Plaintiff") is a former employee of Defendant Yoh Services, LLC ("Yoh"), a temporary staffing agency. Defendant Bela Coelho is Yoh's Director of Human Resources. In August 2007, Pittman filed a complaint in state court, *Randall Pittman v. Day and Zimmermann Group, Inc. et al* ("*Pittman I*"), against Yoh and its parent company, Day and Zimmerman Group, Inc. On October 26, 2007, the defendants removed the action to federal court. *See* Case No. CV 07-7021 RGK (PJWx). Less than two months later, the parties entered into a Confidential Settlement Agreement and Release ("Settlement Agreement"), which included a release of all claims, known and unknown at the time of the execution of the Settlement Agreement, against all defendants, and the case was dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

On December 6, 2007, Plaintiff filed the instant action in state court. Defendants removed to this Court on February 25, 2008. On April 23, 2008, the Court granted Defendants' motion for judgment on the pleadings, finding that (1) res judicata barred the instant action and (2) Plaintiff had released all claims against Defendants pursuant to the Settlement Agreement in *Pittman I*. *See* Docket No. 25.

O

LINK TO DOC 36

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1278 PSG (RCx) | Date | May 13, 2009 |
|---|---|---|---|
| Title | Randall Pittman v. Yoh Services, LLC, et al. | | |

Plaintiff now moves to set aside the order granting judgment on the pleadings pursuant to Fed. R. Civ. P. (60)(b).

II.     Legal Standard

Federal Rule of Civil Procedure 60(b) empowers the district court to set aside a judgment for any number of reasons. Rule 60(b)(5) permits relief when a prior judgment upon which a later judgment or order is based has been vacated. Rule 60(b)(6) is a catch-all provision, authorizing the court to set aside an order or judgment "for any other reason that justifies relief."

III.    Discussion

Plaintiff seeks relief on multiple grounds. First, he claims that the order granting judgment on the pleadings should be set aside because the judgment in *Pittman I* has been vacated. Second, he argues that the Court failed to review the Settlement Agreement to ensure that it was fair and adequate. Finally, Plaintiff contends that the dismissal of *Pittman I* was procured by fraud upon the court and will eventually be set aside.

Plaintiff's first argument is based on a misrepresentation. The order dismissing *Pittman I* was never vacated. On the contrary, Judge R. Gary Klausner recently issued an order expressly denying Plaintiff's motion to set aside the dismissal. *See Defendants' Request for Judicial Notice* ("RFJN"), Ex. 4.[1]

Alternatively, Plaintiff contends that the judgment in this case should be vacated because the Court failed to review the Settlement Agreement to ensure that it was adequate and fair to the class. Plaintiff's argument is not supported by the law. Fed. R. Civ. P. 23(e) requires court

---

[1] Defendants ask the Court to take judicial notice of (1) this Court's order of April 23, 2008; (2) the Court's order on Plaintiff's motion for leave to file appeal in forma pauperis; (3) an order of the Ninth Circuit Appeals, dated July 21, 2008; and (4) Judge Klausner's order of April 24, 2009 in *Pittman I*. The Court may take judicial notice of orders by other courts. *See* Fed. R. Evid. 201; *Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 n.5 (9th Cir. 1995) (reversed on other grounds). Plaintiff has not disputed the authenticity of these documents or otherwise contested the propriety of judicial notice. Accordingly, the Court takes judicial notice of Defendants' RFJN Exs. 1-4.

O

LINK TO DOC 36

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1278 PSG (RCx) | Date | May 13, 2009 |
|---|---|---|---|
| Title | Randall Pittman v. Yoh Services, LLC, et al. | | |

approval of certified class action settlements. In the instant case, however, the Court never certified a class. Moreover, the parties did not settle this lawsuit; rather, the Court granted Defendants' motion for judgment on the pleadings based on res judicata and the Settlement Agreement and Release executed in *Pittman I*. The Court was not required to review the parties' previous Settlement Agreement for fairness prior to doing so.

Finally, Plaintiff maintains that the dismissal in *Pittman I* was "procured through fraud upon the court and will eventually be set aside." However, Plaintiff fails to set forth any facts showing that Defendants committed fraud upon the court in the prior action. Moreover, Judge Klausner considered and rejected Plaintiff's argument that the dismissal of *Pittman I* should be set aside on the basis of fraud. *See RFJN,* Ex. 4. In his reply brief, Plaintiff argues that he has appealed the Court's order in *Pittman I* and is "confident he will prevail on appeal." However, this does not provide a basis for Rule 60(b) relief.[2]

IV.   Conclusion

For the foregoing reasons, Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

---

[2] Plaintiff argues in his reply papers that the Court lacks subject matter jurisdiction over this action. However, the Court previously determined that jurisdiction exists under the Class Action Fairness Act.